IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ROY COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-585-W |
| ) | |
| STATE OF OKLAHOMA, WILLIAM ) | |
| C. RILEY, and DARRELL DAWKINS, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Mr. Mark Collins has sued under 42 U.S.C. § 1983, and the State of Oklahoma and Mr. William Riley move for dismissal. The Court should grant the motion to dismiss the claims against these defendants. And on screening, the Court should dismiss the causes of action against Mr. Darrell Dawkins for failure to state a valid claim.[1]

I.  Background

Mr. Collins was convicted in state court on a charge of sexual battery. In Count One of the present action, Mr. Collins claims that authorities had failed to verify the charging document, that he had been unable to exercise his Fifth Amendment right against self-incrimination, that the State had deprived him of a fair trial, and that his appellate counsel

---

[1] On January 23, 2006, the Plaintiff filed a return of service for Defendant Dawkins and his response to the complaint is not yet due. Affidavit of Service of Process by Mark Roy Collins (Jan. 23, 2006). But because the Plaintiff is an inmate appearing *in forma pauperis*, the Court must screen the causes of action against Mr. Dawkins to determine whether they state a valid claim. *See* Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) (2000).

had been ineffective.[2] As relief, Mr. Collins requests "to have this case 'overturned' and then 'vacated.'" Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 10 (May 24, 2005).

II.     Eleventh Amendment Immunity

The State of Oklahoma argues that it is immune under the Eleventh Amendment. The State is correct.

Under this amendment, the State of Oklahoma enjoys immunity from suit in federal court. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies, and applies 'whether the relief sought is legal or equitable'" (citations and quotations omitted)). The State of Oklahoma has not waived its immunity,[3] requiring dismissal without prejudice under the Eleventh Amendment.[4]

---

[2] Mr. Collins asserts a second count, but does not specify the nature of the claim. Instead, he refers to multiple pleadings and attachments filed in state court. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 6-7 (May 24, 2005). The Court need not parcel through various pleadings to determine the nature of additional claims, and Mr. Collins should have asserted the factual basis for the second count. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that the "broad reading" of *pro se* complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

[3] *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").

[4] Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

III.      Unavailability of Relief Under 42 U.S.C. § 1983

Mr. Collins challenges the validity of his conviction and legality of his confinement and, as a remedy, seeks vacatur of his criminal conviction. *See supra* pp. 1-2. Such relief is unavailable under 42 U.S.C. § 1983,[5] and the Court should dismiss the claims against Messrs. Riley and Dawkins without prejudice.[6]

IV.      Conversion to a Habeas Petition

As noted above, Mr. Collins challenges his conviction. *See supra* pp. 1-3. Liberally construed, the complaint might be viewed to encompass a habeas claim. *See Haines v.*

---

[5] *See Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973) (holding that when a state prisoner challenges the duration of his confinement and seeks speedier release from confinement, his sole federal remedy is a writ of habeas corpus).

[6] Mr. Collins argues that he is not challenging the validity of his conviction and cites an application filed in state court. But in the application, Mr. Collins had challenged his conviction rather than the conditions of his confinement. *See* Application for Subsequent Post Conviction Relief at p. 3, *Collins v. State*, Case No. CF-96-85 (Comanche Co. Dist. Ct. Oct. 22, 2004) (alleging deprivation of a fair trial); *see also St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("it has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citations omitted)).

*Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, the Court should decline to recharacterize the action[7] because such treatment could result in unintended consequences.[8]

V.   Recommendation

The State of Oklahoma is entitled to immunity under the Eleventh Amendment and Mr. Collins cannot obtain the relief requested in a Section 1983 action. Thus, the Court should grant the motion to dismiss and summarily dismiss the causes of action against Mr. Dawkins for failure to state a valid claim. The dismissal should be without prejudice to refiling.

VI.   Notice of Right to Object

Mr. Collins has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1) (2000). Such objections must be filed with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objections is February 20, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to

---

[7]   *See Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) (rejecting construction of a *pro se* complaint to include a habeas claim because such treatment would "border[] on advocacy and could interfere with a possible tactical choice by the plaintiff"); *see also Castro v. United States*, 540 U.S. 375, 387-88 (2003) (Scalia, J., concurring) ("even fully informed district courts that try their best not to harm *pro se* litigants by recharacterizing may nonetheless end up doing so because they cannot predict and protect against every possible adverse effect that may flow from recharacterization").

[8]   If the complaint were to be recharacterized, the present action might be considered a successive habeas petition and outside the district court's jurisdiction. *See* 28 U.S.C. § 2244(b)(3) (2000). Mr. Collins has previously pursued habeas relief on the conviction that he challenges in this action. *Collins v. Kaiser*, Case No. CIV-99-1185-T (W.D. Okla. Sept. 25, 2001), *appeal dismissed*, 37 Fed. Appx. 366 (10th Cir. Mar. 15, 2002) (unpublished op.); *see also Collins v. State*, Case No. CIV-03-1349-C (W.D. Okla. Dec. 16, 2003) (transferring a second habeas action to the Tenth Circuit Court of Appeals under 28 U.S.C. §§ 1631 and 2244(b)(3)(A)).

timely object to this report and recommendation would waive the Plaintiff's right to appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

VII.    Docketing Instructions

The referral to the undersigned is terminated.

Entered this 31st day of January, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge